McGREGOR W. SCOTT
United States Attorney
MARY L. GRAD
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2763

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. S-04-096 DFL |
| Plaintiff, ) | |
| ) | ORDER RE DEFENDANTS' |
| v. ) | MOTION TO REVEAL GOVERNMENT |
| ) | INFORMANTS |
| MIGUEL CAMPOS LOPEZ et al, ) | |
| Defendants. ) | |

In the week of March 28 and in the week of April 11, 2005, in two *in camera* sealed proceedings, the court took testimony regarding the defendants' motion to reveal the government's informants in the captioned action.  The government was represented by Assistant U.S. Attorney Mary L. Grad.

The court heard from the individual denominated as the informant in the sealed portion of the search warrant in this case. The court also heard testimony from another individual who was the actual source of much of the information that the informant supplied to law enforcement during the investigation.

After listening to the testimony and considering the argument of government counsel in the case, the court finds that neither the

1  informant or the source of the informant's information possess any
2  information that would be exculpatory to any defendant in this case,
3  or material to the structuring of a defense for any defendant or
4  even helpful to any defense in this case.  Moreover, the court
5  finds that most, if not all, of the information possessed by the
6  informant and his source of information is inculpatory and, to the
7  extent that it is not inculpatory, it is neutral.
8       The court further finds that the government has made an
9  adequate showing that both witnesses (the informant and his source
10 of information) would be subject to threat and potential harm if
11 either of their names were revealed.  The court also relies heavily
12 on the testimony of agent Nick Garcia who testified at the
13 proceeding and finds that it appears nearly impossible for law
14 enforcement to penetrate organizations that manufacture
15 methamphetamine through the use of undercover agents.
16      Therefore, the court finds that under the balancing test in
17 <u>Roviaro v. United States</u>, 353 U.S. 53 (1957), the informant and his
18 source of information should not be disclosed.
19
20 SO ORDERED.
21
22 DATED: April 26, 2005              __/s/ David F. Levi__
                                      DAVID F. LEVI
23                                    United States District Judge